UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID JOSEPH KUCHAR,<br><br>        Petitioner,<br>v.<br><br>THE STATE OF NEVADA,<br><br>        Respondent. | Case No. 2:25-cv-02527-MMD-EJY<br><br>ORDER |

**I. SUMMARY**

Pro se Petitioner David Joseph Kuchar has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition").) This Court finds good cause exists to grant the IFP Application; however, following a review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"),[1] this Court finds that the Petition is unexhausted and federal abstention is required.

**II. DISCUSSION**

Kuchar is a pretrial detainee in custody at the Clark County Detention Center in Las Vegas, Nevada, awaiting sentencing before the Eighth Judicial District Court. (ECF No. 1-1 at 1.) In his Petition, Kuchar requests that this Court dismiss his state criminal charges or issue him a pardon. (*Id*. at 7.) Kuchar challenges his warrant, law enforcement's failure to read him his *Miranda* rights, and his inability to subpoena witnesses. (*Id*. at 6.)

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This

---

[1]This Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Habeas Rule 1(b).

rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Kuchar has not filed a state habeas petition.[2] *See State of Nevada v. David Kuchar*, C-25-395191-1. And Kuchar has not filed a case with the Nevada appellate courts.[3] As such, Kuchar has not demonstrated that he has fully exhausted his state court remedies. *See Picard v. Connor*, 404 U.S. 270, 276 (1971) (holding that to properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court"); *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994) (a claim is not exhausted unless the

---

[2]Judicial notice is taken of the docket records of the Eighth Judicial District Court, accessible at https://perma.cc/Y5GT-CXTV.

[3]Judicial notice is also taken of the docket records of the Nevada appellate courts, accessible at https://perma.cc/8Z7K-G6GZ.

petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based). As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Kuchar's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Further, Kuchar seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Kuchar's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. Because Kuchar faces no extraordinary or irreparable injuries, federal abstention is required.

Given the unexhausted nature of Kuchar's Petition and Kuchar's failure to demonstrate that federal abstention should be set aside, this Court dismisses the Petition without prejudice.

///

## III. CONCLUSION

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice. Kuchar is denied a certificate of appealability, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

The Clerk of Court is directed to file the Petition (ECF No. 1-1), add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[4] and informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office.

The Clerk of Court is further directed to enter final judgment and close this case.

DATED THIS 31st Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] No response is required from Respondents other than to respond to any orders of a reviewing court.